IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARJUAN D. ADKINS, #326167, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00986-JPG |
| | ) |
| RICHARD WATSON, | ) |
| TRINITY SERVICE GROUP, | ) |
| DR. DAVID, DAVID MARCOWITZ, | ) |
| and JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Carjuan Adkins, a detainee at St. Clair County Jail ("Jail"), filed a Complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1, pp. 1-25).  He challenges the unconstitutional conditions of his confinement at the Jail.  (*Id*. at 8-15).  Plaintiff seeks money damages from the defendants.[1] (*Id*. at 16-17).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a).  Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff also requested release from custody in the Complaint.  (Doc. 1, p. 16-17).  However, Court denied this request on September 28, 2020.  (Doc. 7).

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-15): Plaintiff has been subjected to unconstitutional conditions of confinement at the Jail since January 10, 2020. (*Id*. at 12). Sheriff Richard Watson allows detainees to purchase and smoke e-cigarettes, despite a general prohibition against smoking. E-cigarettes are available for purchase at the Trinity Services Group (TSG) Commissary. (*Id*. at 10). Plaintiff claims that his direct and secondhand exposure to e-cigarette smoke has caused him to develop high blood pressure. He also blames secondhand vapor for the transmission of coronavirus at the Jail. He alleges that poor ventilation, overcrowding, and communal living have also contributed to the spread of the virus.

Following his first exposure to a COVID-positive inmate in June 2020, Plaintiff was placed in quarantine for seven (7) days. (*Id*. at 14). He suffered from massive migraines, a sinus infection, difficulty breathing, tinnitus, a dental infection, and hypertension during this time period. Nurses did not conduct regular temperature checks or provide medication for these symptoms. When Plaintiff reported his symptoms to Dr. Marcowitz and requested COVID testing, his request was denied until he eventually tested positive for the virus on September 11, 2020. (*Id*.). On that date, he was housed in the A-Block Dayroom, where he was forced to sleep on the floor amidst insects, black mold, and other inmates. Sheriff Watson, the Jail Administration/Staff, Jail Nurses, and Dr. Marcowitz took inadequate steps to prevent, diagnose, and contain the virus. (*Id*. at 9-11). Jail staff were provided with masks and gloves to prevent infection, but inmates were not. (*Id*. at 12). Incoming inmates were not tested for COVID-19, separated from one another, or allowed to use protective gear. As a result, eighty-one (81) inmates were diagnosed with COVID-19, and three (3) died from it as of September 2020.

The Jail has also provided Plaintiff with inadequate medical care for numerous mental health conditions. (*Id*. at 18). On July 21, 2020, Plaintiff's legal mail was opened by an unknown individual, and Plaintiff blames Sheriff Watson for this mail interference. (*Id*. at 8, 14-15). Plaintiff also claims that he has been facing unspecified acts of retaliation from unspecified staff members. (*Id*. at 17).

### Preliminary Dismissals

Plaintiff mentions numerous individuals in the statement of his claim but does not name them as defendants in the Complaint. The individuals include, but are not limited to, C/O M. Ripperd, C/O Sims, C/O Lavonte, Lieutenant Collins, Ms. Chambers, the Jail, and Wexford Health Service. The Court will not treat these individuals as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Any claims against them should be considered **DISMISSED without prejudice**.

Plaintiff names Dr. David in the case caption of the Complaint but does not mention this individual in connection with any claims. Plaintiff cannot state a claim against a defendant merely by listing him or her in the case caption. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Dr. David shall be **DISMISSED without prejudice**.

Finally, Plaintiff refers generically to groups of unknown defendants as "John Does" in the case caption and as "Jail Administration/Staff" and "Jail Nurses" in the body of the Complaint. He cannot state a claim against any particular individuals under Section 1983 by referring to groups of defendants as "John Does" in the case caption or statement of his claim. (Doc. 1, p. 3). Plaintiff must refer to each defendant individually in the case caption and throughout the Complaint. Having failed to do so, "John Does" are **DISMISSED without prejudice**.

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** Fourteenth or Eighth Amendment claim against Sheriff Watson and TSG Commissary for instituting a policy, custom, or practice of allowing e-cigarettes at the Jail.

**Count 2:** Fourteenth or Eighth Amendment claim against Sheriff Watson for subjecting Plaintiff to unconstitutional conditions of confinement, including exposure to e-cigarette smoke, overcrowding, insects, and mold.

**Count 3:** Fourteenth or Eighth Amendment claim against Sheriff Watson and Dr. Marcowitz for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm caused by the novel coronavirus, including exposure to COVID-positive inmates, denial of protective gear, and denial of adequate testing for the virus.

**Count 4:** Fourteenth or Eighth Amendment claim against Dr. Marcowitz for denying Plaintiff adequate medical care for symptoms of COVID-19, following Plaintiff's development of symptoms in June 2020.

**Count 5:** Fourteenth or Eighth Amendment claim against the Jail for denying Plaintiff adequate mental health treatment.

**Count 6:** First and/or Fourteenth Amendment claim against Sheriff Watson for interfering with Plaintiff's mail on or around July 21, 2020.

**Count 7:** First Amendment retaliation claim against unspecified individuals for unspecified acts.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Counts 1 through 4

The Fourteenth Amendment's objective unreasonableness standard governs a pretrial detainee's claims for unconstitutional conditions of confinement and denial of medical care. *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018) (applying objective unreasonableness standard to a variety of conditions-of-confinement claims). The Eighth Amendment's deliberate indifference standard governs the same claims brought by a convicted person. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under both standards, Plaintiff must set forth allegations demonstrating each defendant's personal involvement in a constitutional deprivation. *West v. Atkins*, 487 U.S. 42 (1988). Plaintiff has satisfied both standards for each claim. He describes conditions that are sufficiently serious and defendants who acted objectively unreasonable or deliberately indifferent in response to said conditions. Accordingly, Counts 1 through 4 shall receive further review against the defendants named in connection with each claim above.

### Count 5

Plaintiff asserts that the Jail denied him adequate mental health treatment. However, the Jail is not a "person" subject to suit under Section 1983; it is not even a legal entity. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Because Plaintiff names no person in connection with this claim and also provides no other allegations in support of it, Count 5 shall be dismissed without prejudice for failure to state a claim for relief.

### Count 6

Although Plaintiff names Sheriff Watson in connection with the mail interference claim in Count 6, Plaintiff admittedly has no idea who was responsible for interfering with his legal mail

on July 21, 2020.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).  In other words, to survive screening, Plaintiff must identify a particular defendant who acted or failed to act in a way that caused a deprivation of his constitutional rights.  When a plaintiff does not know the name of a particular defendant, he may use a generic designation in place of that individual ("John Doe" or "Jane Doe") in the case caption and when referring to the individual in the statement of his claim.  The "John Doe" or "Jane Doe" designation should refer to a *single* individual, and Plaintiff should consistently use it throughout the Complaint.  Having admittedly named the wrong person in connection with this claim, Count 6 shall be dismissed without prejudice.

**Count 7**

A First Amendment retaliation claim requires a plaintiff to show that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech, and (3) his protected speech was a motivating factor in the defendant's actions.  *Antoine v. Ramos*, 497 Fed. Appx. 631, 634 (7th Cir. 2012); *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002).  Plaintiff's allegations are too threadbare to support a retaliation claim against any of the defendants.  He does not refer to the constitutionally protected speech or any retaliatory acts on the part of any individual defendant(s).  Count 7 shall be dismissed without prejudice for failure to state a claim.

**Recruitment of Counsel**

Plaintiff's Motion for Recruitment of Counsel (Doc. 5) is **GRANTED**.  Although there is no constitutional or statutory right to counsel in federal civil cases, the district court has discretion

under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010).  The Court must consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  Plaintiff is indigent and in need of counsel to represent him, given his failed attempts to locate counsel, his numerous mental health issues, his various medical conditions (including a recent diagnosis with COVID-19), and the potentially urgent nature of his claims.  The Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in pursuing the claims that survive preliminary review.

## Disposition

**IT IS ORDERED** that the **COMPLAINT** (**COUNTS 1, 2, 3,** and **4**) survives screening under 28 U.S.C. § 1915A, as follows:

- **COUNT 1** against **RICHARD WATSON** and **TRINITY SERVICE GROUP**;
- **COUNT 2** against **RICHARD WATSON**;
- **COUNT 3** against **RICHARD WATSON** and **DR. MARCOWITZ**;
- **COUNT 4** against **DR. MARCOWITZ**.

**IT IS ORDERED** that **COUNTS 5, 6,** and **7** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendants **JOHN DOES** and **DR. DAVID** as parties in CM/ECF.  All claims against these defendants are **DISMISSED** without

7

prejudice.  Because one or more claims involve the alleged denial of medical care, the Clerk's Office is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

With respect to **COUNTS 1, 2, 3** and **4**, the Clerk of Court shall prepare for Defendants **RICHARD WATSON, TRINITY SERVICE GROUP,** and **DR. DAVID MARCOWITZ**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**Assignment of Counsel**

For the reasons stated above, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), **Attorney Steven S. Wasserman of Williams Venkin et al., St. Louis, Missouri**, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **November 30, 2020**, assigned counsel shall enter his appearance. Attorney Wasserman is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel must enter the case and make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Wasserman. The electronic case file is available through CM/ECF.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading asking that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures. Plaintiff and his counsel are **ADVISED** that if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-

pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to you free of charge, as long as you are representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available to you as a resource. It is listed under "Forms" as "Attorney Information - Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages you to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

> **Carjuan D. Adkins, #326167**
> **St. Clair County Jail**
> **700 North 5th Street**
> **Belleville, IL 62220**

**IT IS SO ORDERED.**

**DATED:  November 12, 2020**                    s/J. Phil Gilbert
                                                                         **J. PHIL GILBERT**
                                                                         **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**