IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARJUAN D. ADKINS, #326167, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00986-JPG |
| | ) |
| RICHARD WATSON, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| vs. | ) |
| | ) |
| CAMERON BELK, Sr., #468008, | ) |
| SHAWN LaFOLLETTE, #469356, | ) |
| CHRISTOPHER McNEAL, #466406, | ) |
| GLOYD STELL, #304568, | ) |
| STEVEN R. MARSHALL, #5307, | ) |
| BRANDON THROWER, #454790, | ) |
| CHRIS WARLOCK, #21991, | ) |
| SAMUEL MANZY, #470063, | ) |
| NORMAN TAMMONS, #311225, | ) |
| and TERRENCE WRIGHT, | ) |
| | ) |
| Intervenors, | ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a decision on a Motion to Intervene filed by Cameron Belk, Shawn LaFollette, Christopher McNeal, Gloyd Stell, Steven Marshall, Brandon Thrower, Chris Warlock, Samuel Manzy, Norman Tammons, and Terrence Wright. (Doc. 25). The proposed intervenors seek to join in the action and offer evidence and witness testimony in support of Plaintiff Cajuan Adkins' claims. (*Id.*). For the reasons outlined herein, the motion is **DENIED**.

Proposed intervenors have failed to satisfy the requirements for intervention as a matter of right. *See* FED. R. CIV. P. 24(a)(1)-(2). To do so, they must meet all of the following four

1

requirements: (1) the application must be timely; (2) the applicant must have a direct and substantial interest in the subject matter of the litigation; (3) the applicant's interest must be impaired by disposition of the action without the applicant's involvement; and (4) the applicant's interest must not be represented adequately by one of the existing parties to the action. *See* FED. R. CIV. P. 24(a); *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985) (citation omitted).

Although their application is timely, the intervenors have not demonstrated a direct or substantial interest in the subject matter of this litigation, shown that their interests will be impaired by disposition of the action without their involvement, or established that their interests are not adequately represented by the plaintiff. The interest that is sufficient to justify intervention as a matter of right must be based on a right that belongs to the proposed intervenor and not an existing party. *Id*. (citing *Wade v. Goldschmidt*, 673 F.2d 182, 185 (7th Cir. 1982)). In their motion, the proposed intervenors do not assert any right. They merely offer to provide "valid testimony and evidence" in support of the plaintiff's claims. (*See* Doc. 25). The interest they describe is more akin to witnesses than plaintiffs. The proposed intervenors are not entitled to intervention as a matter of right pursuant to Rule 24(a)(2).

Permissive intervention is also not appropriate here. *See* FED. R. CIV. P. 24(b). The district court has discretion to grant intervention where the intervenors' claims and the main action share common questions of law or fact and where there is independent jurisdiction. *Id*.; *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 775 (7th Cir. 2007). However, the proposed intervenors do not ask to bring claims of their own, let alone demonstrate that said claims share common questions or law or fact. They simply wish to offer testimony in support of Plaintiff's claims. (Doc. 25). This offer provides no basis for a grant of permissive intervention.

Accordingly, the Motion to Intervene (Doc. 25) is **DENIED**.  Each individual is free to file his own case, if he has grounds to do so and if he has first exhausted his claims through the institutional grievance procedure.

**IT IS SO ORDERED.**
**DATED:  3/12/2021**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**