UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARJUAN D. ADKINS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 20-cv-986-JPG |
| RICHARD WATSON, TRINITY SERVICE GROUP, and DAVID MARCOWITZ, | ) ) ) ) ) |
| Defendants. | ) JURY TRIAL DEMANDED |

**DEFENDANT WATSON'S MOTION FOR SUMMARY JUDGMENT
ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES
AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW **Defendant, Sheriff Richard Watson**, by and through his counsel of BECKER, HOERNER, & YSURSA, P.C., and for his Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies and Memorandum in Support Thereof pursuant to 42 U.S.C. §1997e and Federal Rule of Civil Procedure 56, states as follows:

**MOTION FOR SUMMARY JUDGMENT**

For his Motion for Summary Judgment on the issue of exhaustion of administrative remedies, Defendant, Sheriff Richard Watson, states as follows:

1.      The Plaintiff, Carjuan Adkins, was incarcerated at the St. Clair County Jail from January 10, 2020 to April 5, 2021, filing his Complaint in this action on September 5, 2020. (Doc. 1).

2. The Prison Litigation Reform Act requires that prior to any suit based on the conditions of a correctional facility, the administrative remedies that are available must first be exhausted. 42 U.S.C. §1997e(a); *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

3. During the entirety of the time the Plaintiff was incarcerated, the St. Clair County Jail had an established Grievance Procedure. (Ex. 2 Detainee Rules and Regulations Handbook)

4. Aside from failing to exhaust his remedies, the Plaintiff did not initiate the process with clear and discernable Captain's Complaints/Requests on the same allegations of his Complaint. See e.g. *Quintana v. Woodward*, 2020WL409749, W.D.Wisc. 1/24/20 citing *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013); see also e.g., *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014).

5. In any event, despite having previously used this remedy, the Plaintiff did not exhaust the administrative remedy process for the allegations of his Complaint prior to filing suit. 42 U.S.C. §1997e(a); See *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

6. The failure of the Plaintiff to exhaust the administrative remedy process prior to filing suit calls for dismissal of each count alleged in the Complaint and for dismissal of the Complaint as a whole. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) citing *Booth v. Churner,* 532 U.S. 731, 739 (2001); *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

7. Defendant hereby incorporates his *Memorandum in Support of their Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies*.

Page **2** of **11**

WHEREFORE, the **Defendant, Sheriff Richard Watson**, respectfully requests this Honorable Court grant his Motion for Summary Judgment on the issue of exhaustion of administrative remedies and dismiss the Plaintiff's Complaint with prejudice, and for any and all relief that this Court deems just and proper.

**MEMORANDUM IN SUPPORT THEREOF**

For his Memorandum in Support of his Motion for Summary Judgment on the issue of exhaustion of administrative remedies, Defendant, Sheriff Richard Watson, states as follows:

**I.    Background**

Plaintiff's *pro se* Complaint was filed on September 25, 2020. (Doc. 1). Plaintiff's Complaint is brought pursuant to 42 U.S.C. §1983 and concerns events alleged to have occurred in the St. Clair County Jail, where Plaintiff was admitted beginning January 10, 2020. (Doc. 1).  On November 13, 2020, the Court entered its 28 U.S.C. §1915A Merits Review Order, enumerated four counts which survived merits review as:

> "**Count 1:** Fourteenth or Eighth Amendment claim against Sheriff Watson and TSG Commissary for instituting a policy, custom, or practice of allowing e-cigarettes at the Jail.
>
> **Count 2:** Fourteenth or Eighth Amendment claim against Sheriff Watson for subjecting Plaintiff to unconstitutional conditions of confinement, including exposure to e-cigarette smoke, overcrowding, insects, and mold.
>
> **Count 3:** Fourteenth or Eighth Amendment claim against Sheriff Watson and Dr. Marcowitz for exposing Plaintiff to conditions of confinement that posed a substantial risk of serious harm caused by the novel coronavirus, including exposure to COVID-positive inmates, denial of protective gear, and denial of adequate testing for the virus.
>
> **Count 4:** Fourteenth or Eighth Amendment claim against Dr. Marcowitz for denying Plaintiff adequate medical care for symptoms of COVID-19, following Plaintiff's development of symptoms in June 2020." (Doc. 12, Page ID #65).

On January 12, 2021, Defendant answered by denial and raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. §1997e prior to filing his civil suit. (Doc. 29)  Defendant now moves to dismiss Plaintiff's Complaint, because Plaintiff failed to exhaust his administrative remedies.

## II.   Defendants' Statement of Material Facts

1. The Plaintiff, Carjuan Adkins, was booked into the St. Clair County Jail on January 10, 2020. (*See* Doc. 1. See Exhibit #1: Affidavit of Captain Collins ¶ 26).

2. The Plaintiff filed his Complaint on September 25, 2020. (Doc. 1).

3. The Plaintiff was released from the custody of the St. Clair County Jail on April 5, 2021. (See Exhibit #1: Affidavit of Captain Collins ¶ 27).

4. During the time the Plaintiff was incarcerated, the St. Clair County Jail had a codified detainee grievance policy. (See Exhibit #1: Affidavit of Captain Collins; Exhibit #2: Detainee Rules & Regulations SCCJ Handbook 000001-20).

5. The Grievance Procedure is described in a section of the Detainee Rules and Regulations Handbook.  (Exhibit #2: SCCJ Handbook 000011 at pp. 20-21).

6. The Plaintiff would have received a copy of the Detainee Rules and Regulations which contains the detainee grievance procedure at the time he was booked into the St. Clair County Jail and it was also available upon request. (See Exhibit #1: Affidavit of Captain Collins ¶ 10-11).

7. During his detention from January 10, 2020 to April 5, 2021, the Plaintiff submitted 29 Captain's Complaint/Request forms. (See Exhibit #1: Affidavit of Captain Collins ¶ 28 a-ff; Exhibit #3: SCC-Adkins-Grievance Docs 000001-44).

8. None of these Captain's Complaints/Requests are for the same allegations of the Plaintiff's Complaint. (See Exhibit #1: Affidavit of Captain Collins ¶ 28 a-ff; Exhibit #3: SCC-Adkins-Grievance Docs 000001-44).

9. If the detainee is not satisfied with the resolution of the Captain's Complaint/Request, the detainee must then submit a Detainee Grievance Form as part of the Grievance Procedure. (See Exhibit #1: Affidavit of Captain Collins ¶ 21-22; Ex. 2 SCCJ Handbook 000011 p.21).

10. Carjuan Adkins proceeded to exhaust the Grievance Procedure by submitting Grievance Forms on three occasions. (See Exhibit #1: Affidavit of Captain Collins ¶ 30 a,b,c; Exhibit #3: SCC-Adkins-Grievance Docs 000002, 12, 22-26).

11. None of the three occasions when the Plaintiff submitted Grievance Forms are for the allegations of the Plaintiff's Complaint. (See Exhibit #1: Affidavit of Captain Collins Para.30 a,b,c; Exhibit #3: SCC-Adkins-Grievance Docs 000002, 12, 22-26).

### III. Argument

#### A. Standard of Review

Federal Rule of Civil Procedure 56 states the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties may use "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to prove up their motion for summary judgment Fed. R. Civ. P. 56(c)(1)(A).

In determining whether there is a genuine issue of fact, the court views the evidence and all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "neither the mere existence of some alleged factual dispute between the parties … nor the demonstration of some metaphysical doubt as to the material facts … will sufficiently demonstrate a genuine issue of material fact." *Forman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986), internal quotations omitted. The inferences drawn for the non-moving party must be reasonable, and "[i]nferences that rely upon speculation or conjecture are insufficient." *Armato v. Grounds*, 766 F.3d 713, 719 (7th Cir. 2014). The non-moving party must respond with facts establishing that there remains a genuine issue. *Armato, supra*. "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. To successfully oppose the motion, the nonmovant must present definite, competent evidence in rebuttal." *Salvadori v. Franklin School District*, 293 F.3d 989, 996 (7th Cir. 2002).

### B. <u>Exhaustion of Administrative Remedies</u>

The Prison Litigation Reform Act states, "No action shall be brought with respect to prison conditions under section 1983 of this title … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e)(a). Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Department of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). A prisoner must complete the grievance process before filing suit. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Exhaustion is necessary, even if the prisoner

believes exhaustion would be futile. *Booth v. Churner*, 532 U.S. 731, 741 (2001) ("we think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). Requiring detainees to exhaust their administrative remedies has substantive merit, because "[a]ny other approach would allow a prisoner to 'exhaust' state remedies by spurning them". *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

In *Pozo*, the Seventh Circuit held that unless a prisoner follows the rules the facility has established for grievances, exhaustion has not occurred. *Id.* at 1023. "Exhaustion" means using *all* steps that the facility holds out. *Id.* at 1024, emphasis added. Further, "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) citing *Booth v. Churner,* 532 U.S. 731, 739 (2001). Prisoners must exhaust all available remedies, even if the relief sought cannot be granted by the administrative process. *Id.*, citing *Booth, supra* at 734. Whether the exhaustion process was available considers the ordinary meaning of the word available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The sole objective of the exhaustion requirement is to allow the institution's administrative process to run its course. *Dole v. Chandler*, 438 F.3d. 804, 809 (7th Cir. 2006). So long as the administrative authority has the ability to take *some* action in response to the complaint (even if not the requested action), an administrative remedy is still "available" under the PLRA. *Id.*, emphasis in original, citing *Booth, supra* at 741; *see also Larkin v. Galloway,* 266 F.3d 718, 723 (7th Cir. 2001) (inmate must exhaust prison remedies if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

### C. Application to the Case at Bar

The St. Clair County Jail ("the Jail") had a grievance procedure in place during the entirety of the Plaintiff's incarceration. The Jail's Grievance Procedure is outlined in the Detainee Rules and Regulations and is two-step in nature. First, a detainee must submit their complaint in writing, on a carbon-copy Captain's Complaint/Request Form. (Ex. #1 ¶ 14-20, Ex. 2 Handbook at pp. 20-21). If the detainee is not satisfied with the resolution of the Captain's Complaint/Request, the detainee must then submit a Detainee Grievance Form as part of the Grievance Procedure. (Ex. #1 ¶ 21-22; Ex. 2 Handbook at pp. 21). Detainees are made aware of the grievance process at dress out or through receipt of the Detainee Rules and Regulations. (Ex. #1, ¶ 10-11). The Plaintiff was undoubtedly familiar with the Grievance Procedure as he had submitted Captain's Complaint/Request Forms for numerous issues and had proceeded to exhaust the grievance procedure by submitting Detainee Grievance Forms on three issues. (See Ex. #1, ¶ 30 a, b, c). Nonetheless, the Plaintiff did not exhaust his administrative remedies for any of the allegations of his suit.

Aside from failing to exhaust his remedies, the Plaintiff did not initiate the process with clear and discernable Captain's Complaints/Requests on the same allegations of his Complaint. The Plaintiff submitted numerous Captain's Complaint/Requests forms on a variety of issues which are not related to his suit, with many related to his legal mail, ability to use the phone, commissary and other conditions such as toothpaste and soap. The Plaintiff, however, made no clear reference to issues of overcrowding, insects or mold as alleged in Count 2 nor to his medical care for symptoms of COVID 19 after exposure on June 1, 2020 as alleged in Count 4 in any of his Captain Complaint/Requests. (See Doc. 12 Page ID #65, Doc. Page ID #14; See Ex. 1, ¶ 28 a-ff; Ex. 3: SCC Grievance Docs 000001-

44).  The nearest any of the Captain's Complaint/Requests come to the allegations of the Complaint prior to filing suit are those regarding COVID 19 in September 2020, but the requests were vague and the requested relief did not match the allegations of the Complaint. Indeed, the Plaintiff's request was "to be furloughed to his legal residence until further order of the Court." (SCC-Adkins – Grievance/Docs –39).   Such vague and imprecise grievance process submissions are insufficient to create a material fact. See e.g. *Quintana v. Woodward*, 2020WL409749, W.D.Wisc. 1/24/20 citing *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013); see also e.g., *Roberts v. Neal*, 745 F.3d 232, 235 (7th Cir. 2014) (generalized grievance not directed at target of suit is insufficient).

The Plaintiff did submit Captain's Complaint/Request forms related to e-cigarettes, but the requests made by the Plaintiff contradict his Complaint.  Count 1 of Plaintiff's Complaint is for allowing e-cigarettes to be used at the Jail.  In contrast, the Plaintiff complained to Jail staff that the commissary service has "taken money of our trust fund account for e-cigs but your officers on the evening shift refuse to pass them out." (Ex. 3: SCC - Adkins- Grievance Docs 000017, Captain's Complaint/Request 9/3/20).

In any event, the Plaintiff left his concerns unclarified and did not permit the grievance procedure to run its course.  *Dole v. Chandler*, 438 F.3d. 804, 809 (7th Cir. 2006).  In order to exhaust his remedies and permit the Jail with an opportunity to rectify his concerns, the Plaintiff was required to follow the rules of the procedure by submitting a Detainee Grievance Form for any issues not resolved by an initial Captain's Complaint/Request.  *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). The Plaintiff proceeded to file suit without proceeding to this step.

The Grievance Procedure clearly instructs a detainee who is not satisfied with the resolution of a Captain's Complaint/Request to submit a Detainee Grievance Form. Although the Plaintiff did submit some vague and indiscernible Captain's Complaint/Requests related to COVID-19 and ones that contradict his suit regarding e-cigarettes, he did not proceed to submit any Detainee Grievance Forms in any way related to the issues of his Complaint. In other words, the Plaintiff did not exhaust his administrative remedies for any of the violations alleged in his Complaint.

There is no doubt that the Plaintiff understood this step of the grievance procedure. The Plaintiff sought remedy by proceeding to this step and submitting Detainee Grievance Forms on three separate occasions. (See Ex. 1 ¶ 30 a, b, c; Ex. 3: SCC-Adkins - Grievance Docs 000002, 13, 22-26 for dates of incidents of 01/25/20, 7/21/20 and 5/4/20). Indeed, the Plaintiff followed the Grievance Procedure for a myriad of issues related to his intake (and unrelated to his Complaint) shortly after booking with a hearing of January 25, 2020. (SCC-Adkins - Grievance Docs 000001-2). Despite having previously used this remedy, the Plaintiff spurned the grievance procedure for the allegations of the Complaint by filing suit without exhausting the administrative process. 42 U.S.C. §1997e(a); See *Pozo v. McCaughtry, et al.*, 286 F.3d 1022, 1023-24 (7th Cir. 2002).

WHEREFORE, the Defendant respectfully requests this Honorable Court find that the Plaintiff failed to exhaust his administrative remedies, enter judgment in favor of Defendant, Sheriff Richard Watson, and dismiss the Plaintiff's Complaint with prejudice, and for any and all other relief as this Court deems just and proper.

Respectfully submitted

**BECKER, HOERNER & YSURSA P.C.**

By:     Thomas J. Hunter, Bar No. 6256119

*ATTORNEY FOR DEFENDANT:*
*SHERIFF RICHARD WATSON*

BECKER, HOERNER & YSURSA, P.C.
5111 West Main Street
Belleville, Illinois 62226
Tel: (618) 235-0020
Fax: (618) 235-8558
tjh@bhylaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 12, 2021**, I electronically filed this document with the Clerk of the Court using the CM/ECF system which will send notice of such filing to all attorneys of record.

Gregory G. Fenlon – ggfmoatty@aol.com
Kevin K. Peek – kpeek@sandbergphoenix.com
Alexander Brewster Chosid – alex.chosid@tkcholdings.com

s/ Thomas J. Hunter