IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARJUAN D. ADKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>RICHARD WATSON, et al.,<br><br>    Defendants. | No. 20-cv-00986-JPG |

**PLAINTIFF'S SUMMARY JUDGMENT RESPONSES**

Defendants Richard Watson, Dr. Marcowitz and Trinity Services Group have filed separate motions for summary judgment. The three motions each claim entitlement to summary judgment contending that plaintiff Adkins failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. Because the three motions of defendants are similar and to avoid duplication plaintiff files a single response in opposition to the motions for summary judgment.

   A.  **Plaintiff's Statement of Relevant Facts Pertaining to Issue of Exhaustion**

Plaintiff offers the following facts in opposition to the affirmative defense and summary judgment motion relating to the issue of exhaustion.

1. Plaintiff Carjuan Adkins, acting pro-se, filed his Complaint with the Court on September 25, 2020. (Doc. #1)

2. The Complaint is on a form prepared for, inter alia, pro se civil rights complaints.

3. The Complaint is verified by plaintiff in accordance with 28 U.S.C.A. § 1746. (Doc. 1-1, pg. 6)

4. In the Complaint plaintiff indicated that he presented the facts relating to his complaint in the grievance procedure as follows: (Doc. 1-6)

> B. Did you present the facts relating to your complaint in the prisoner grievance procedure?   ☒ Yes   ☐ No

5. In the Complaint plaintiff averred: "I've turned in multiple complaints to start the grievance procedure concerning the matter in my declaration." (Doc. 1-6)

6. Also in the Complaint plaintiff declared that he did not receive responses to multiple complaints, writing (Doc. 1-6): "No responses, excuses about the COVID-19 delaying the responses." Plaintiff also stated: "No

responses on the topic of COVID-19 virus or any major complaint concerning me." See (Doc. 1-7 providing:)

> 2. What was the result? No Responses on The topic covid-19-virus or any major complaint concerning me

    7. Plaintiff's Complaint alleges that the grievance procedure is unavailable to him as it is used as a "tactic to avoid further civil suits". (Doc. 1-7)

    8. Plaintiff's assertions regarding a lack of responses to complaints and grievances are mentioned in a contemporaneous Complaint dated 6-3-2020 when he was incarcerated and complained that he did not get a response to a complaint made a month earlier when he was suffering from COVID, couldn't breath and was taken to the infirmary. (Doc. 82-1 pg. 8)

    9. On September 11, 2020 plaintiff complained again in writing that he did not receive responses to his complaints suggesting that they were "purposely ignored". (Doc. 82-1, pg. 38)

    10. Then a third time on March 23, 2021 plaintiff requested "every complaint / request and grievance form I submitted dating from January, 2020." The request was not granted. (Doc. 82-1, pg. 31)

    B. **Argument**

      i.  Grievance Procedure is ambiguous.

Defendants identify the St. Clair County Jail grievance procedure as contained in a handbook provided to detainees. (Doc. 82-2)  The procedure is set forth on pages 20 and 21 of the handbook under the Title Heading "Grievance Procedure".  The procedure is contained within four paragraphs and reproduced below for ease of reference:

      GRIEVANCE PROCEDURE

Superintendents Call

    Superintendent's call is a time set aside for handling complaints that cannot be handled through normal channels. (Ask for Complaint/ Request Form) In order to see the Superintendent regarding such a matter, you must submit a request in writing. Request forms are available and may be obtained from any officer on duty. Complete the requested information on the form and return it to the block officer. Your request will be forwarded through the proper channels. Your request will be screened and if it is something that can be handled by the officer or Sergeant on duty they will do it. For matters in which they cannot be handled, you will be called out at a time to speak with the Jail Superintendent or his designate.

Step 1. A grieving detainee shall within 24 hrs. after he/she learns of circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor, in writing, informing him/her of the grievance and the particulars concerning it. The immediate supervisor shall provide a copy of the response to the grieving detainee within 3 days after receiving the grievance. The original will be forwarded to the

Jail Superintendent.

Step 2. If the grievance is not resolved to the detainee's satisfaction, the detainee may submit the grievance to the Assistant Jail Superintendent by summarizing the grievance in writing within forty eight (48) hours through the on duty shift supervisor. The grievance must be submitted to the Jail Superintendent within 3 days (not including weekends and holidays) of the decision of the Assistant Superintendent. The Jail Superintendent will review the response(s) and approve/disapprove them; if he disapproves them, he will take the necessary action to revise the previous response(s) according to the St. Clair County Jail Policies and Procedure Manual or to his professional opinion in a fair and impartial manner and return to the detainee within three (3) duty days. This shall constitute the final resolution of the grievance.

Note: Detainee Grievance Forms can be obtained from any supervisor or correctional officer. The Dress-Out Officer is responsible for briefing the grievance procedure to detainees prior to them being assigned to their respective housing units. A Captains request must be submitted prior to the grievance procedure. If no response is received within 15 calendar days, then the jail Superintendent needs to be notified.

As shown above, Paragraphs two and three of the procedure contain the sub-caption Steps 1 and Steps 2. This suggests a two step process.[1] But despite the title, Step 1 is not really Step 1 but is in fact Step 2. This is confusing enough

---

[1] See Gillum v. Watson, No. 14-CV-546-SMY-PMF, 2015 WL 3756452, at *2 (S.D. Ill. June 16, 2015) – "The grievance procedure at the jail is best understood as a 3–step process."

for an ordinary detainee.  Adding to the confusion, the first requirement (actual first step) is contained in the fourth paragraph which contains the subtitle "Note".  The sequence and titling of the paragraphs is confusing and misleading.

In the fourth paragraph it states that "A Captains request must be submitted prior to the grievance procedure."   Defendants agree with this stating as an uncontroverted material fact:  "A Captains Request must be submitted as the first step to initiating the Grievance Procedure".  (Doc. 82, pg. 3, ¶3)  So a two step process is suggested to the detainee when there are three steps.

What is also blurred in the stated procedure is whether the Captains request is a request "submitted prior to the grievance procedure" or whether the Captains request is step one of the procedure as contended by defendants.  Notably, the Captains request contains no time limitation for submission of the request.  The Captains request contemplates a response within 15 days.  But the identified Step One in paragraph 2 of the procedure contains a time limit of 24 hours for a grieving detainee to submit a grievance.  The timing is therefore incongruous.  The timing contemplates a Captains request is made and completed within 24 hours.  Thus, a detainee who submits a Captains request and does not receive a response within 24 hours is out of time to submit a

grievance. The Captains request and the dated responses in defendants' summary judgment exhibits show that this procedure is often flawed for lack of timeliness. See i.e. 82-1, pg. 8 Complaint form submitted on 6-3-2020 and subsequently acted on the date of 6-8-2020.

    ii. The Grievance Procedure was unavailable to Plaintiff.

The incompatible timing makes the grievance process unavailable to detainees.

> The exhaustion requirement, however, "hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, ––– U.S. –––, 136 S. Ct. 1850, 1858, 195 L.Ed.2d 117 (2016) (alteration in original). An administrative scheme can be "unavailable" to a prisoner when a prison fails to respond to a prisoner's grievance and, in so doing, prevents that prisoner from exhausting administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (internal quotation marks omitted). An administrative scheme also can be "so opaque that it becomes, practically speaking, incapable of use." *Ross*, 136 S. Ct. at 1859. Mere ambiguity might not make the administrative process unavailable; "[w]hen an administrative process is susceptible of multiple reasonable interpretations, ... the inmate should err on the side of exhaustion." Id. But if "no ordinary prisoner can make sense of what it demands," the process is "unknowable" and thus unavailable. Id. (internal quotation marks omitted).

*Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020)

    There is also a genuine issue of fact regarding whether the jail responded

to plaintiff's complaints. The failure to respond defeats defendant's exhaustion defense. See *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) - "[A] prison or jail's failure to respond to a grievance renders a remedy unavailable."

Defendants' summary judgment motions claim there were 29 Captain request forms and 3 grievance forms submitted for a total of 32 documents. Defendants Watson and Marcowitz include 32 documents in their summary judgment submission. They contend that the 32 documents constitutes the total file for plaintiff. However, Trinity Services submitted 44 pages of documents. Trinity's submission bolsters plaintiff's allegations that there were complaints that he submitted that have not been produced.

Summary judgment should be denied under the holding in *Ross v. Blake,* 578 U.S. 1174, 136 S. Ct. 1850, 1859–60, 195 L. Ed. 2d 117 (2016) where the court held:

> [A]n administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it. As the Solicitor General put the point: When rules are "so confusing that ... no reasonable prisoner can use them," then "they're no longer available."

"Grievance procedures must be transparent. This helps everyone: the institution is better able to investigate and resolve grievances if they are presented under a

well-understood system, and inmates are better able to comply with institutional expectations if the rules are clear." *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 834 (7th Cir. 2020)

The motions for summary judgment should be denied.

Respectfully Submitted,

By  */s/ Gregory G. Fenlon*
GREGORY G. FENLON #6194016
601 S. Lindbergh
St. Louis, Missouri   63131
(314) 862-7999 ;  fax  (314) 862-8999
Attorney for plaintiff
ggfmoatty@aol.com

Certificate of Service

A copy of the foregoing was served on August 9, 2021 to all counsel of record by operation of the courts electronic filing system.

By_____ */s/ Gregory G. Fenlon*