UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARJUAN D. ADKINS, #326167, | |
| Plaintiff, | |
| vs. | No. 3:20-cv-00986-JPG |
| RICHARD WATSON, TRINITY SERVICE GROUP, DR. DAVID, DAVID MARCOWITZ, and JOHN DOE, | |
| Defendants. | |

**DEFENDANT TRINITY SERVICES GROUP, INC'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COMES NOW Defendant Trinity Services Group, Inc. (incorrectly identified in Plaintiff's Complaint as "Trinity Service Group," hereinafter "Trinity") and for its Reply to Plaintiff's Response to its Motion for Summary Judgment [Doc. 91]:

### INTRODUCTION

Plaintiff attempts, but fails, to cast a poor light upon St. Clair's grievance process by showing that the parties produced different amounts of grievances and that the process is somehow complicated. Both arguments fail. Trinity's production was what was attached to Co-Defendant's Initial Disclosures, but prior to filing it appears Co-Defendants removed duplicates. Beyond that, the grievances are the same. Additionally, it is uncontroverted that no documents whatsoever, formal or informal, were filed related to the allegations against Trinity. Even if the process was somehow confusing, Plaintiff clearly would have known to at least file something, as he did in numerous other instances, but he did not do so here. Trinity is entitled to summary judgment.

ARGUMENT

1) **Plaintiff's claim that Trinity providing "more documents" than Co-Defendants stands for the proposition that there are unproduced complaints lacks any basis in fact: the documents were received from Co-Defendant and the only reason more pages were produces was that some are duplicates.**

Plaintiff may not have reviewed the documents produced by Trinity closely: all documents produced by Trinity were directly received from Co-Defendant: the only reason for page discrepancy is the inclusion of some duplicate pages in Trinity's production. This does not show any opacity of the process or any duplicity on the part of Co-Defendants.

Plaintiff claims "Defendants' summary judgment motions claim there were 29 Captain request forms and 3 grievance forms submitted for a total of 32 documents. Defendants Watson and Marcowitz include 32 documents in their summary judgment submission. They contend that the 32 documents constitutes the total file for Plaintiff. However, Trinity submitted 44 pages of documents. Trinity's submission bolsters Plaintiff's allegations that there were complaints that he submitted that have not been produced." [Doc. 91, p. 8]. In actuality, Trinity submitted forty-two pages of documents, not 44, and Trinity attached grievance records as received from Sheriff Richard Watson's Initial Disclosures. [Docs. 78-79]. Prior to filing, Watson seems to have removed duplicates, but Trinity filed their response based on the documents as received. There is no difference between the

documents presented by the parties, and this difference of pages does not help Plaintiff's cause.

**2) The grievance process was clear enough that Plaintiff submitted numerous complaints, but he at no point submitted anything regarding his allegations in his Complaint as they relate to Trinity.**

Despite his claims to the contrary: Plaintiff clearly understood the grievance process, as "opaque" as it may be: Plaintiff engaged in the grievance process frequently and repeatedly. Plaintiff cannot show that the system was "so opaque that it [became], practically speaking, incapable of use," because he appeared to have no issue using it. His failure to file a single grievance relating to Trinity's conduct that is allegedly at issue in this suit is fatal to his claims.

It is uncontroverted that Plaintiff failed to file a single grievance relating to the allegations levied against Trinity in this suit. As previously argued, Plaintiff failed to properly exhaust his administrative remedies with regard to Defendant Trinity. Plaintiff filed no formal grievances relating to Trinity. [Doc. 79, SOF ¶ 7-12, 14]. Plaintiff filed one informal Request/Complaint that mentions Trinity, but the request does not mention the allegedly infringing policy of allowing electronic cigarettes at the jail, but no steps were taken to appeal even this informal request. [Doc. 79, SOF ¶ 13]. Not a single grievance or informal request addresses the claims levied against Trinity in this suit. If Plaintiff had prepared a single document and submitted it to the jail which mentioned the allegations against Trinity as articulated in Plaintiff's Complaint, he could argue in good faith that the further procedures lacked some level of clarity for his failure to appeal documents beyond a

reasonable individual's understanding. That is not the case here, and Plaintiff should not be able to argue that his remedies were unavailable as they relate to Trinity with a straight face: he did not make the barest attempt to even complain about the alleged issues prior to filing this suit.

Plaintiff cannot maintain the instant suit without properly completing the grievance procedure as outlined at the facility that detained him. If Plaintiff wished to credibly argue that the process was so opaque as to be unavailable, it grants no explanation for his numerous filed complaints that lack any mention of the allegations against Trinity. Trinity is entitled to judgment as a matter of law for Plaintiff's failure to exhaust his administrative remedies.

WHEREFORE Defendant, Trinity Services Group, Inc., prays that Plaintiff's claims against them be dismissed for failure to exhaust administrative remedies; that summary judgment be entered in its favor; and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        */s/ Alexander B. Chosid*
        Alexander B. Chosid
        TKC Holdings, Inc.
        1260 Andes Boulevard
        St. Louis, MO 63132
        Tel: (314) 216-2218
        Fax: (314) 213-1190
        Alex.Chosid@TKCHoldings.com

        *Attorney for Defendant*
        *Trinity Services Group, Inc.*

## **CERTIFICATE OF SERVICE**

I, Alexander B. Chosid, hereby certify that on this **19th day of August, 2021,** a true and accurate copy of the foregoing was electronically transmitted to all counsel of record via the Court's CM/ECF system.

        */s/ Alexander B. Chosid*
        Alexander B. Chosid